## UNITED STATES DISTRICT COURT
### DISTRICT OF MAINE

| | | |
|---|---|---|
| **DOUGLAS CAMPBELL, et al.,** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 08-311-P-S** |
| | ) | |
| **FIRST AMERICAN TITLE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant** | ) | |

## MEMORANDUM DECISION AND ORDER ON DEFENDANT'S MOTION
### FOR ORDER TO SHOW CAUSE

On October 23, 2009, the defendant, First American Title Insurance Company ("First American"), moved for issuance of an order that T&M Mortgage Solutions, Inc. ("T&M"), a non-party to this case, show cause why it should not be held in contempt for disobeying a subpoena *duces tecum* served upon it pursuant to Federal Rule of Civil Procedure 45(e).  *See* Defendant First American Title Insurance Company's Motion for an Order To Show Cause and To Compel Compliance With Subpoena ("Motion") (Docket No. 57) at 1.  In the event that T&M failed to show good cause, First American further moved for issuance of an order compelling T&M to comply with the subpoena immediately and to pay First American's reasonable attorney fees and costs incurred in connection with enforcement of the subpoena.  *See id*.

More than a month after the production date specified in the subpoena, T&M made a written response by submitting affidavits of two employees addressing efforts made in an unsuccessful attempt to locate documents responsive to the subpoena.  *See* Affidavit of Todd Johnson in Opposition to the Defendant's Motion for an Order To Show Cause and To Compel

1

Compliance With Subpoena ("Johnson Aff.") (Docket No. 64); Affidavit of Richard Huizar in Opposition to the Defendant's Motion for an Order To Show Cause and To Compel Compliance With Subpoena ("Huizar Aff.") (Docket No. 65).

Unmollified by T&M's tardy written response, First American requests that its motion for an order to show cause be granted and that T&M be ordered to undertake a fresh search and either produce the subpoenaed documents or provide additional detail concerning its efforts to locate them. *See* Defendant First American Title Insurance Company's Reply in Support of Motion for an Order To Show Cause and To Compel Compliance With Subpoena ("Reply") (Docket No. 68) at 3.

For the reasons that follow, First American's motion for issuance of an order to show cause, as its parameters are clarified in its reply brief, is granted.

## I.  Factual Background

T&M admits that, on September 14, 2009, it was served with the subpoena in question. *See* Johnson Aff. ¶ 3.  The subpoena sought five categories of documents, three related to an October 2004 loan to the plaintiffs with respect to which T&M served as mortgage broker. *See* Subpoena To Produce Documents, Information, or Objects or To Permit Inspection of Premises ("Subpoena"), Exh. A to Declaration of Jeff Goldman ("Goldman Decl."), attached to Motion; Settlement Statement, Exh. C to Second Amended Class Complaint (Docket No. 55).  The subpoena commanded production of the requested documents by September 28. *See* Subpoena.

T&M contacted First American's counsel on September 21 to report that T&M was having difficulty finding the requested documents and to request an extension of time. *See* Goldman Decl. ¶ 5.  First American's counsel asked that T&M continue to try to produce the documents by September 28, which was two days in advance of First American's scheduled

2

deposition of the plaintiffs, and to contact First American if T&M was unable to do so.  *See* Declaration of Hannah Preston ("Preston Decl."), attached to Motion, ¶ 4.  T&M neither contacted First American nor produced the documents by that date.  *See id.* ¶ 5.

First American's counsel contacted T&M on September 29 and learned that T&M was represented by counsel, James Audiffred.  *See* Goldman Decl. ¶ 7.  First American's counsel spoke to Audiffred on September 29, October 1, and October 6, and sent him a letter dated October 8 warning him that if T&M did not submit responsive documents by October 16, First American would be forced to file a motion seeking to hold T&M in contempt of court.  *See id.* ¶¶ 7-9; Preston Decl. ¶¶ 6-7.  When no response was forthcoming, the instant motion was filed on October 23, 2009.  *See* Preston Decl. ¶ 7; Motion.

On November 5, 2009, in opposition to the Motion, T&M filed the Johnson and Huizar affidavits.  *See* Johnson Aff.; Huizar Aff.  Johnson is president of T&M, and Huizar is a mortgage broker employed by T&M.  *See* Johnson Aff. ¶ 1; Huizar Aff. ¶ 1.  Johnson and Huizar both averred that following T&M's September 14, 2009, receipt of the subpoena, T&M immediately launched a search of its closed files, which are maintained in the basement of its office building in Auburn, Maine.  *See* Johnson Aff. ¶ 4; Huizar Aff. ¶ 4.  Huizar stated that he personally searched through the closed files in the storage area and was unable to locate the processing file that contained the items relevant to the first three categories of subpoenaed documents.  *See* Huizar Aff. ¶ 5.  Both Johnson and Huizar stated that neither they nor any T&M employee was able to locate the processing file relative to the mortgage in question.  *See id.*; Johnson Aff. ¶ 5.  Neither Johnson nor Huizar had reason to believe that the file was destroyed.  *See id.*  Johnson stated that neither he nor his employees knew of any reason why they were unable to locate the processing file.  *See* Johnson Aff. ¶ 5.

Johnson added that he had learned, following his September 21 conversation with Goldman, that the plaintiffs' loan was closed by Warranty Title, which has gone out of business. *See* Johnson Aff. ¶¶ 7-8. With regard to the fourth category of subpoenaed documents, Johnson stated that T&M had no documents and would have no reason to have any documents relating or referring to the July 8, 2005, loan. *See id*. ¶ 9. He added: "The only thing that I know for sure is that Ginn & Associates asked us for a payoff letter which we provided because I know that the loan was discharged." *Id*. He stated that the October 2004 loan was the only real estate loan involving the plaintiffs. *See id*. ¶ 10.

## II. Discussion

A court issuing a subpoena "may hold in contempt a person who, having been served, fails without adequate excuse to obey [a] subpoena." Fed. R. Civ. P. 45(e).

In response to First American's motion, T&M submitted affidavits of two employees addressing T&M's fruitless efforts to find documents responsive to the subpoena. While "[o]rdinarily, a sworn statement that a party has no more documents in its possession, custody or control is sufficient to satisfy the party's obligation to respond to a request for production of documents[,] . . . [i]f the documents sought are known to have been in the party's possession, custody, or control, it would not suffice for that party to simply disavow their existence without adequately explaining the disposition of the documents." *Meeks v. Parsons*, No. 1:03-cv-6700-LJO-GSA, 2009 WL 3003718, at *3 (E.D. Cal. Sept. 18, 2009) (citations and internal quotation marks omitted).

The T&M employees' affidavits are insufficient to assure First American, or the court, that reasonable efforts have been made to comply with the subpoena, including by way of (i) a thorough search throughout T&M's premises for documents that T&M effectively concedes

should have been maintained within its files or (ii) a request for copies of responsive documents to the individual who closed the October 2004 loan with respect to which T&M served as mortgage broker, whose documents presumably are within T&M's "control."  *See Linde v. Arab Bank, PLC*, No. CV-04-2799 (NG)(VVP), 2009 WL 1456573, at *2 (E.D.N.Y. May 22, 2009) ("Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand.  Control may also be found where an entity has access to and the ability to obtain the documents.") (citations, internal quotation marks, and footnote omitted).  As First American points out, the Johnson and Huizar affidavits do not:

1.      Specify how T&M's closed files are organized, on what dates and for how long T&M's employees searched for responsive documents, whether they looked elsewhere in their office for the plaintiffs' file, or who (besides Huizar) searched for the documents.  *See* Reply at 2.

2.      Indicate whether the plaintiffs' file was the only one missing or whether a block of files with a certain date, alphabetical, or file number range has disappeared; whether there are any alternative locations where the file might be found; and whether Johnson took any steps to obtain the file from the individual who closed the loan, whom he had previously identified.  *See id*.

Under these circumstances, First American's suggestion that T&M, in effect, be afforded one more opportunity to show cause why it should not be held in contempt is reasonable.  First American's motion, as delineated in its reply brief, that the court issue an order to show cause accordingly is ***GRANTED***, and T&M is ***ORDERED*** to:

1.      Promptly undertake a renewed search for the subpoenaed documents, and

2.      No later than noon on November 30, 2009, produce the requested documents to First American and/or submit verified declarations (i) detailing the time(s), date(s), and specific location(s) of its search for responsive documents; (ii) identifying the person(s) who conducted the search; and (iii) stating whether and when T&M has contacted the individual, known to T&M, who closed the plaintiffs' October 2004 loan to request a copy of the documents.

Depending on the showing made, First American may renew, no later than December 4, 2009, that portion of its motion seeking an order finding T&M in contempt of court and setting forth the relief that it requests on account of the alleged contempt.

**_SO ORDERED_**.

Dated this 18th day of November, 2009.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge