# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| BERNHARD LOEF, on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) Docket No. 2:08-cv-311-GZS |
| FIRST AMERICAN TITLE INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

## ORDER ON PENDING MOTIONS

Before the Court are two briefed motions: (1) Plaintiff's Motion for Approval of Proposed Class Notice (Docket # 136) and (2) Defendant's Motion for Oral Argument (Docket # 140). As explained herein, the Motions are hereby GRANTED IN PART and DENIED IN PART.

Although Defendant has objected to Plaintiff's Motion for Approval of Proposed Class Notice, Defendant's Response makes clear that Defendant actually agrees with Plaintiff's proposed forms of notice. (See Def. Response (Docket # 138) at 1.) Thus, having reviewed the proposed forms and noting no objection to the content of the forms, the Court hereby approves the proposed forms. (See Ex. A (Docket # 136-1) and Ex. B (Docket # 136-2).) The core disagreement between the parties surrounds how to compile a list of individuals who will receive mailed notice. In short, the parties disagree as to "who can be identified through reasonable effort" and what role each side must play in that "reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). In the Court's initial assessment of the papers, including the correspondence exchanged between counsel, it appears the parties would benefit from in-person mediation on this issue.

On a related note, Plaintiff has filed his Proposed Litigation Schedule for Merits Phase of Litigation (Docket # 137). Defendant has filed its own Proposed Class Notice, Discovery and Motion Plan (Docket # 138-1). Plaintiff has attempted to crystalize the key differences between these two plans in Appendix One of Plaintiff's Reply, titled "Side by Side Comparison of Parties' Respective Class Notice Plans" and "Side By Side Comparison of Parties' Respective Litigation Scheduling Proposals." (See Docket # 142-1 at 11-12.)

In the Court's view, there is significant overlap in the scheduling order disagreements and the issues related to the mailed notice list. An in-person conference and court-facilitated mediation of these issues will likely aid in the overall efficient disposition of this action. Therefore, the Court hereby ORDERS that this case be set for conference and mediation before Magistrate Judge Rich in order to discuss: (1) any issues surrounding what steps each side will take to compile a list of potential class members who will receive individual notice, (2) the contents of the merits-phase scheduling order, and (3) any other issues that Magistrate Judge Rich deems appropriate after his review of this matter.

If no agreement is reached as to when and how the parties will compile a proposed list of class members to receive mailed notice, Magistrate Judge Rich shall set a schedule for the parties to file renewed briefing on any remaining issues. The Court fully anticipates that Magistrate Judge Rich will issue an appropriate scheduling order to govern the merits stage of these proceedings following his conference with the parties.

SO ORDERED.

                                                  /s/ George Z. Singal
                                                  United States District Judge

Dated this 7th day of June, 2011.