UNITED STATES DISTRICT COURT
DISTRICT OF MAINE


BERNHARD LOEF, on Behalf of )
Himself and Others Similarly Situated, )
)
            Plaintiff )
)
v. ) No. 2:08-cv-311-GZS
)
FIRST AMERICAN TITLE )
INSURANCE COMPANY, )
)
            Defendant )


## MEMORANDUM DECISION AND ORDER
## ON MOTIONS TO QUASH SUBPOENAS

Four non-parties on whom plaintiff Bernhard Loef has served subpoenas move to quash those subpoenas pursuant to Federal Rule of Civil Procedure 45. *See* Yankee Title Company and The Bank of Maine's Joint Rule 45 Objections and Motion To Quash Subpoenas ("Yankee/Bank Motion") (Docket No. 173) at 1; Farris Law and Black Bear Title's Motion To Quash Subpoena ("Farris/Black Bear Motion") (Docket No. 174) at [1]-[2]. For the reasons that follow, the motions are denied.

### I. Applicable Legal Standards

Federal Rule of Civil Procedure 45 directs that, on timely motion, an issuing court must quash or modify a subpoena that, *inter alia*, "requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]" Fed. R. Civ. P. 45(c)(3)(A)(iii).

1

## II. Discussion

### A. Yankee/Bank Motion

Yankee Title Company ("Yankee Title") and The Bank of Maine ("Bank") invoke the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq.*, and a Maine statute regulating access to confidential financial records, 9-B M.R.S.A. § 163, as the bases for their motion to quash two subpoenas dated November 30, 2011, and December 5, 2011, served on Yankee Title and one subpoena dated November 30, 2011, served on the Bank. *See* Yankee/Bank Motion at 2-4 & Exhs. I (Docket No. 173-1), II (Docket No. 173-2), and III (Docket No. 173-3) thereto.

The Gramm-Leach-Bliley Act prohibits financial institutions from "disclos[ing] to a nonaffiliated third party any nonpublic personal information[,]" 15 U.S.C. § 6802(a), except when certain exceptions apply, among them, "to respond to judicial process[,]" *id.* § 6802(e)(8). Yankee Title and the Bank concede that this exception arguably applies to the subpoenas at issue and that at least one court has so held, but they express unwillingness, in view of what they see as the statute's vague wording, to risk the penalties associated with violating the act in the absence of judicial clarification. *See* Yankee/Bank Motion at 3.

The plaintiff responds, and my research corroborates, that the few courts considering this issue uniformly have held that the provision of documents in response to an authorized subpoena meets the exception codified at 15 U.S.C. § 6802(e)(8). *See* Plaintiff's Consolidated Response to Motions To Quash Subpoenas ("Consolidated Response") (Docket No. 176) at 1-2; *see also, e.g., RQ Constr., Inc. v. Ecolite Concrete U.S.A., Inc.*, Civil No. 09-CV-2728-BEN(WVG), 2010 WL 3069198, at *2 (S.D. Cal. Aug. 4, 2010); *Sierra Equity Grp. v. White Oak Equity Partners, LLC.*, 672 F. Supp.2d 1369, 1371 (S.D. Fla. 2009); *In re Carlson*, Bankruptcy No. 04-41534, 2008 WL

345852, at *3 (Bankr. D. Neb. Jan. 28, 2008); *Marks v. Global Mortg. Grp. Inc.*, 218 F.R.D. 492, 496 (S.D. W.Va. 2003).

Because, in the circumstances presented, the Gramm-Leach-Bliley Act properly is construed to permit the disclosure of the requested documents, the Yankee/Bank Motion is denied insofar as it is predicated on the invocation of that act.

As Yankee Title and the Bank observe, the Maine statute that they invoke permits financial institutions authorized to do business in Maine to disclose financial records in response to a subpoena if (i) the person or entity requesting the records certifies in writing to the financial institution that the subpoena has been served on the customer whose records are sought or (ii) the court, for good cause shown, dispenses with service of the subpoena on the customer. *See* Yankee/Bank Motion at 3-4; 9-B M.R.S.A § 163. In their reply brief, Yankee Title and the Bank acknowledge that, subsequent to the filing of the instant motion, Loef complied with section 163. *See* Yankee Title Company and The Bank of Maine's Joint Reply Memorandum of Law in Support of Motion To Quash (Docket No. 177) at 1; *see also* Consolidated Response at 2 & Attach. thereto (Docket No. 176-1) (certifying the service of subpoenas on consumers). Accordingly, the motion to quash the three subpoenas at issue on the basis of the invocation of 9-B M.R.S.A. § 163 is denied.

### B.  Farris/Black Bear Motion

Farris Law ("Farris"), a Maine law firm, and Black Bear Title ("Black Bear"), a Maine title company, seek to quash a single subpoena dated December 5, 2011, served on both of them by Loef. *See* Farris/Black Bear Motion ¶¶ 1-3 & Exh. A (Docket Nos. 174-1, 174-2, & 174-3).[1] The

---

[1] Farris and Black Bear mistakenly describe the subpoena served upon them as dated December 12, 2011. *See* Farris/Black Bear Motion ¶ 3. Nothing turns on the error.

3

subpoena seeks "[a]ll documents relating or referring to the transaction in which [a specified] title insurance policy was issued, including the closing file, the title insurance policy, and correspondence with the borrower in the transaction, and any notes relating to the policy[.]" Docket No. 174-3.

In their motion, Farris and Black Bear argue that they have unspecified "legal obligations to all involved in" the single loan closing transaction with respect to which documents are sought and that the file and requested documents "contain privilege[d] and protected matter[,]" including information protected by the attorney-client privilege. Farris/Black Bear Motion ¶¶ 6-7.

As Loef rejoins, to the extent that Farris and Black Bear mean to invoke the Gramm-Leach-Bliley Act, the motion must be denied for the same reasons as articulated with respect to the Yankee Title/Bank Motion. *See* Consolidated Response at 2. To the extent that Farris and Black Bear seek to quash the subpoena on the ground of the invocation of attorney-client privilege, they fail to identify any specific documents, or portions thereof, with respect to which they claim privilege or to justify any such claims. *See id.*; *see also, e.g., Tardiff v. Knox County*, No. 07-10-P-H, 2007 WL 2413033, at *1 (D. Me. Aug. 21, 2007) ("The burden is on the party invoking the attorney-client privilege to establish that it applies to each document at issue and that it has not been waived.").

Beyond this, Loef's counsel represent that they contacted counsel for Farris and Black Bear seeking a listing of the documents with respect to which a privilege was claimed and received no response; they add that they advised Farris's and Black Bear's counsel that the plaintiff did not seek any documents or information subject to the attorney-client privilege and would accept redacted documents with a privilege log. *See* Consolidated Response at 2-3. In their reply brief, Farris and Black Bear tardily identify, as privileged, confidential, and/or subject to work product protection, (i) the requested title insurance policy, (ii) a settlement statement from the closing, and (iii) title

4

notes in the file. However, they state that notwithstanding these claims, they will turn over the aforementioned documents if ordered by the court to do so. *See* Farris Law and Black Bear Title's Reply to Plaintiff's Response to Motion To Quash Subpoena (Docket No. 178) at [1]-[2].

Farris's and Black Bear's willingness to turn over the requested documents on court order disposes of their motion to quash. However, even if it did not, I would deny the motion on the alternative bases that (i) in their initial motion, Farris and Black Bear failed to meet their burden of showing that any protection or privilege attached to any specific requested document, *see In re Grand Jury Subpoena (Mr. S.)*, 662 F.3d 65, 71 (1st Cir. 2011) ("It is clear beyond hope of contradiction that the party seeking to invoke the attorney-client privilege must carry the devoir of persuasion to show that it applies to a particular communication and has not been waived. Whatever quantum of proof is necessary to satisfy this obligation, a blanket assertion of privilege is generally insufficient.") (citations omitted); *In re One Bancorp Sec. Litig.*, 134 F.R.D. 4, 10 n. 5 (D. Me. 1991) (court generally will not address an argument advanced for the first time in a reply memorandum), (ii) in any event, in the face of that lack of specificity, Loef's counsel made a reasonable offer on behalf of their client to accept redacted documents, accompanied by a privilege log, and (iii) even taking into consideration the more detailed argument made for the first time in Farris's and Black Bear's reply memorandum, they fail to make a persuasive case that the title insurance policy is privileged or that the settlement statement contains private and confidential information that is "legally protected[,]" Farris/Black Bear Reply at [1]-[2]; *Grand Jury*, 662 F.3d at 71-72 (assertion of attorney-client privilege was "especially weak because the documents listed in the subpoena – HUD statements, closing statement, sales contract(s) and records of payment indicating the source and type of funds used – would all have been revealed at the closing and are, therefore, not confidential in

nature.").

## III.  Conclusion

For the foregoing reasons, the motions of Yankee Title/the Bank and Farris/Black Bear to quash the subpoenas served upon them by Loef are **DENIED**.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 11th day of January, 2012.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge