UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BERNHARD LOEF, | ) |
| | ) |
|       Plaintiff | ) |
| | ) |
| v. | )   No. 2:08-cv-311-GZS |
| | ) |
| FIRST AMERICAN TITLE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
|       Defendant | ) |

### MEMORANDUM DECISION AND ORDER ON MOTION FOR RECUSAL

By a Notice to Counsel dated June 19, 2012, I disclosed that my wife and I had received notice that we might be members of the class that was certified in this case, and that my own check of our records confirmed that we were. *See* Notice to Counsel ("Notice") (ECF No. 192). I stated that my wife and I had opted out of the class, and that we waived any rights to recover against the defendant on the claims at issue, in light of which I did not believe that there was a basis for mandated recusal. *See id.* However, I permitted the parties an opportunity to file, within 14 days of the date of the Notice, a motion for recusal. *See id.*

On July 3, 2012, the plaintiff filed a motion pursuant to 28 U.S.C. § 455(a) and the Judicial Code of Conduct, Canon 3(c)(1), requesting that I recuse myself from further proceedings in this case. *See* Plaintiff's Motion for Recusal of Magistrate Judge ("Motion") (ECF No. 201). The defendant filed a response stating that it did not believe that recusal was mandatory in these circumstances. *See* Defendant's Response to Plaintiff's Motion for Recusal of Magistrate Judge (ECF No. 206).

I conclude that my recusal is unnecessary and, accordingly, deny the Motion.

The plaintiff seeks my recusal, in "an abundance of caution," because the "Judicial Code requires that a judge recuse himself when the judge's impartiality might reasonably be questioned." Motion. He requests that, rather than take the risk that my impartiality might be questioned or that this issue might become a possible ground for appeal, I recuse myself. *See id*. Nonetheless, as noted by Circuit Judge John M. Walker, Jr., in a leading case on the issue of recusal in the class-action context, "despite the breadth of § 455, a judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." *In re Literary Works in Elec. Databases Copyright Litig*., 509 F.3d 136, 140 (2d Cir. 2007) (citation and internal punctuation omitted).

As Circuit Judge Walker explained in *Literary Works*, he and his colleague, Circuit Judge Ralph K. Winter, Jr., were among three judges assigned to a panel formed to hear oral argument with respect to an appeal filed by several class members in a class action on behalf of freelance authors whose work had been reproduced without their express consent in a variety of electronic databases, including LexisNexis and Westlaw. *See Literary Works*, 509 F.3d at 139. After extensive pre-argument preparation, Circuit Judges Walker and Winter realized on March 6, 2007, that there was a high probability that they held copyrights in works that had been reproduced in the defendants' databases. *See id*. At oral argument on March 7, 2007, they publicly stated that they would forgo any financial interest in the settlement that they could possibly have, then or in the future. *See id*. They also solicited the opinion of the Committee on Codes of Conduct of the Judicial Conference of the United States (the "Committee"), which advised them that, pursuant to Canon 3C(1)(d)(i) of the Code of Conduct for United States Judges (the "Code"), they should not continue to serve on the panel because they were parties to the proceeding. *See id*. The Committee concluded that the judges' divestiture on March 7, 2007,

was insufficient to cure their putative disqualification because they had devoted substantial time to the case before that date. *See id*. at 139-40.

Circuit Judges Walker and Winter elected not to follow the Committee's advice, finding recusal unwarranted under either 28 U.S.C. § 455 or "its more-or-less identical analogue in the Code of Conduct[.]" *Id*. at 140. They relied on 28 U.S.C. § 455(f), which provides, in relevant part: "[I]f any . . . judge . . . to whom a matter has been assigned would be disqualified, after substantial judicial time has been devoted to the matter, because of the appearance or discovery, after the matter was assigned to him or her, that he or she . . . has a financial interest in a party (other than an interest that could be substantially affected by the outcome), disqualification is not required if the . . . judge . . . divests himself or herself of the interest that provides the grounds for the disqualification." *Id*. (quoting 28 U.S.C. § 455(f)).[1]

Circuit Judges Walker and Winter found the text of section 455(f) "at least ambiguous as to whether it should apply to judges who are parties to a lawsuit simply because they possess a small financial interest in one of the parties or in the subject matter of the litigation[.]" *Id*. at 141-42. They resolved that ambiguity in favor of the application of that provision in light of:

1.   The legislative history of section 455(f), which was passed "to mitigate unnecessary restrictions on a judge's ability to hear cases, thereby solving a specific problem that had arisen as a consequence of existing disqualification requirements and their application in class action cases." *Id*. at 142 (citation and internal punctuation omitted).

2.   "[S]ound logical reasons to think that § 455(f) applies to a judge who possesses a small financial interest that also happens to make him a party to a lawsuit before him." *Id*. Circuit Judge Walker observed that section 455(f) "is meant to help judges strike a balance between the duty to recuse when their impartiality might reasonably be questioned and the need

---

[1] Section 455(f) expressly covers U.S. magistrate judges, among others. *See* 28 U.S.C. § 455(f).

to resolve cases expeditiously and without undue collateral litigation." *Id.* He considered it "inconsistent with the pragmatism inherent in such balancing to distinguish between ownership of a single share of stock without more – an interest that is covered by § 455(f) – and ownership of a single share of stock that in addition renders the judge a party to a derivative class action lawsuit (assuming the judge divests himself promptly of that interest)." *Id.* (footnote omitted).

With respect to the Committee's opinion that the disqualification came too late, Circuit Judge Walker reasoned that the purpose of section 455(f), conserving judicial resources, was not "served by requiring recusal of a judge who, unaware of the conflict, has devoted substantial time to a case, but permitting a judge who has not worked on the case to continue to serve on an appeal, at a time when reassignment entails few or no costs." *Id.* at 143. With respect to the Committee's opinion that, if a judge's interest was that of a party, it must necessarily be an interest that could be "substantially affected by the outcome," Circuit Judge Walker concluded that the Committee had assumed "an anomalous set of circumstances: Section 455(f) *applies*, but curative divestment is *per se* impossible." *Id.* (emphasis in original).

Although addressing a different set of conflicts, the Committee has recently recognized the unique context of class actions and concluded that recusal was not required under Canon 3C(1) of the Code in cases in which an attorney in a case pending before a judge was involved in a separate, unrelated class action in which the judge or one of the judge's relatives was a class member. U.S. Jud. Conf. Comm. Code Cond., Advisory Op. No. 99 (June 2009). The Committee stated, in relevant part:

> The Committee is of the view that there is no absolute requirement of recusal in cases in which the judge or the judge's relatives are represented in the unrelated matter solely in their capacity as class members. In some instances, the relationship between the judge (or the judge's relatives) and the attorney for the class may be quite similar to the relationship between attorney and client in a conventional setting and, in such cases, recusal would be required. However,

4

>  where the class action is a large one, in which the judge (or the judge's relatives) are not lead plaintiffs or named plaintiffs, have had no role in selecting the attorney for the class, have not had – and do not expect to have – personal contact with the attorney, and have no reasonable expectation of a substantial personal recovery, the case for recusal is not nearly as strong.

*Id*.

Like other judges who have discovered that they are members of a class or a putative class, I find *Literary Works* persuasive and follow it. *See, e.g., Suever v. Connell*, 681 F.3d 1064 (9th Cir. 2012); *Stern v. Gambello*, 678 F.3d 797 (9th Cir. 2012). Because I have invested substantial time in this case,[2] and my wife and I promptly divested ourselves of any interest in the instant certified class, I decline to recuse myself. My decision "is authorized by § 455(f), strikes the appropriate balance between securing the interests of impartiality and its appearance and reducing the practical costs that unnecessary recusal entails, and does not diminish public respect for the judiciary." *Literary Works*, 509 F.3d at 144. The Motion, accordingly, is denied.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 16th day of July, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[2] The complaint was originally filed on September 17, 2008; I first acted on a pretrial motion in this action on February 10, 2009.

5